**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEE HO VILLAGE TOWNHOME ASSOCIATION** | § § § | |
| *Plaintiff*, | § § | |
| V. | § § § | **CIVIL ACTION NO. 4:25-cv-4165** <br> **JURY** |
| **OHIO SECURITY INSURANCE COMPANY,** | § § § | |
| *Defendant*. | § § § | |

**THOMPSON, COE, COUSINS & IRONS, LLP**

Jonathan Peirce
State Bar No. 24088836
Southern District No. 2303246
jpeirce@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone:  713-403-8210
Facsimile:  713-403-8299

AND

Kolby Keller
State Bar No. 24119382
Southern District No. 3676114
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: 214-871-8200
Facsimile:  214-871-8209
**ATTORNEYS FOR DEFENDANT
OHIO SECURITY INSURANCE
COMPANY**

**TABLE OF CONTENTS**

**Page**

I.    Statement of the Undisputed Facts ......................................................................5

    The Property.........................................................................................................5

    The Claim.............................................................................................................5

II.   Statement of the Issues.......................................................................................6

III.  Summary Judgment Evidence.............................................................................6

IV.   Summary judgment Standard ..............................................................................7

V.    Argument & authorities ......................................................................................8

    A.    Plaintiff cannot meet its burden of proving the storm in question caused the damages it seeks and as a result its breach of contract and bad faith claims fail. ...........................................................................................................8

    B.    Ohio is Additionally and Independently Entitled to Summary Judgment of Plaintiff's Bad Faith Claim because the Dispute is at Most a *Bona Fide* Coverage Dispute.............................................................................................10

    C.    Plaintiff's Claims under the Prompt Payment of Claims Act Fail.........................14

Conclusion ..................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986)...............................................................3

*Clark v. America's Favorite Chicken*,
    110 F.3d 295 (5th Cir. 1997) ......................................................................................................4

*Employers Casualty Co. v. Block*,
    744 S.W.2d 940 (Tex. 1988), *overruled in part on other grounds by State*
    *Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696 (Tex. 1996) ................................................4

*Hamilton Props. v. Am. Ins. Co.*,
    643 Fed. App'x 437 (5th Cir. 2016) ...........................................................................................4

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) (en banc) .....................................................................................3

*Lyons v. Millers Cas. Ins. Co. of Tex.*,
    866 S.W.2d 597 (Tex. 1993)...................................................................................................4, 7

*MatsushitaElec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574, 106 S.Ct. 1348, 1986 L.Ed. 38 (1986) ...............................................................4

*Nat'l Union Fire Ins. Co. of Pittsbugh, Pa. v. Puget Plastics Corp.*,
    735 F. Supp. 2d 650 (S.D. Tex. 2010) .......................................................................................4

*Transportation Ins. Co. v. Moriel*,
    879 S.W.2d 10 (Tex. 1994).....................................................................................................6, 7

*USAA Tex. Lloyds Co. v. Menchaca*,
    545 S.W.3d 479 (Tex. 2018)...................................................................................................5, 6

*Wallis v. United Servs. Auto. Ass'n*,
    2 S.W.3d 300 (Tex. App.-San Antonio 1999, pet. denied).........................................................4

*Wright v. Ford Motor Co.*,
    508 F.3d 263 (5th Cir. 2007) .....................................................................................................4

**Statutes**

Claims Act ........................................................................................................................................10

Texas Insurance Code or Deceptive Trade Practices Act § 542.058 .......................................2, 10

**Court Rules**

FED. R. CIV. P. 56(c)............................................................................................................3, 4

Federal Rule of Civil Procedure 56 ...................................................................................1, 3

### DEFENDANT OHIO SECURITY INSURANCE COMPANY 'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Ohio Security Insurance Company ("Ohio Security") files this Motion for Summary Judgment and in support thereof states as follows:

### I.    STATEMENT OF THE UNDISPUTED FACTS

#### *The Property*

1.    This case arises out of a first-party insurance dispute between Plaintiff Lee Ho Village Property Owners Association (Plaintiff) and Defendant Ohio Security Insurance Company arising out of alleged property damage caused by a Hurricane Beryl on or about July 8, 2024.

2.    Ohio issued Policy No. BKS 66201109 to Lee Ho Village Property Owners Association ("Lee Ho") for the policy period beginning May 6, 2024, through May 6, 2025. The policy provided coverage for the Property, subject to all terms, conditions, limitations, and exclusion therein. **Exhibit A.** The property consisted of 6 buildings all of which have several individual units.

#### *The Claim*

3.    Plaintiff's claim was reported to Defendant by Annie Li on July 10, 2024. The notice of loss claimed damage to the roof and water damage to the interior. Defendant acknowledged the claim in writing on July 11, 2024. *See* **Exhibit B**.

4.    On July 29, 2024, Defendant inspected the property. *See* **Exhibit C**. The inspection reports issued following the inspection noted prior repairs to the property, amongst other damages not associated with the claimed cause of loss. **Exhibits C-I**. On July 31, 2024, Defendant completed its estimate of damages. On the same day, Defendant communicated to Plaintiff the cost to repair

or replace your damaged property to each building as a result of the above referenced loss was below Plaintiff's deductible for each building. *See* **Exhibit J**.

5.      On September 19, 2024, Plaintiff's counsel provided Defendant with a letter of representation. *See* **Exhibit K**. Defendant replied on September 24, 2025 requesting additional information. No further contact was made until January 31, 2025, when Plaintiff sent its pre-suit notice letter attaching an estimate from Restore Zone totaling $10,290,606.18. *See* **Exhibit L**.

## II.      STATEMENT OF THE ISSUES

1)      **Under Texas law, an insured is only entitled to recover that portion of the damage caused solely by the covered peril when covered and non-covered perils combine to create a loss. Has Plaintiff presented evidence segregating its damages between the covered and non-covered, or excluded, causes of loss?**

2)      **Additionally, Plaintiff's various claims sounding in bad faith require proof that Ohio committed an independent tort in the handling of the claim, and that there was no reasonable basis for its coverage decision. Plaintiff cannot meet this burden. At most, Plaintiff can show there is an ongoing dispute between the parties and their experts concerning the cause and scope of some damage to Plaintiff's property. However, a bona fide dispute does not rise to the level of bad faith, thus Plaintiff's bad faith claims fail as a matter of law.**

3)      **Finally, Plaintiff cannot meet its burden to establish any violations under Section 542.058 of the Texas Insurance Code or Deceptive Trade Practices Act, thus Ohio is entitled to summary judgment on those claims as well.**

4)      **Ohio is therefore entitled to summary judgment on all claims asserted by Plaintiff in this lawsuit. Ohio respectfully asks this Court to grant summary judgment on all claims and dismiss this lawsuit in its entirety.**

## III.      SUMMARY JUDGMENT EVIDENCE

6.      In support of this Motion for Summary Judgment, Ohio relies upon and incorporates by reference that following materials that are or could be presented in a form that would be admissible evidence:

      **Exhibit A:**      **Policy**

      **Exhibit B:**      **July 11, 2024, Claim Acknowledgment**

| | |
|---|---|
| **Exhibit C:** | **Field Adjuster Photos** |
| **Exhibit D:** | **Seek Now Report Building 1** |
| **Exhibit E:** | **Seek Now Report Building 2** |
| **Exhibit F:** | **Seek Now Report Building 3** |
| **Exhibit G:** | **Seek Now Report Building 4** |
| **Exhibit H:** | **Seek Now Report Building 5** |
| **Exhibit I:** | **Seek Now Report Building 6** |
| **Exhibit J:** | **Below Deductible Letter** |
| **Exhibit K:** | **September 19, 2024, Letter of Representation** |
| **Exhibit L:** | **January 30, 2025 Pre-Suit Notice Letter and Estimate** |
| **Exhibit M:** | **Satellite Imagery showing property between 5/18/22 through 1/11/25** |
| **Exhibit N:** | **Declaration of Brandon Mann** |

## IV.    SUMMARY JUDGMENT STANDARD

7.    Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

8.      Once the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute. FED. R. CIV. P. 56(c); *Clark v. America's Favorite Chicken,* 110 F.3d 295 (5th Cir. 1997) (citation omitted). Inferences favorable to the party opposing the motion are drawn. *Wright v. Ford Motor Co.,* 508 F.3d 263, 274 (5th Cir. 2007). However, the nonmovant's burden is not satisfied with "some metaphysical doubt as the material facts." *MatsushitaElec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1986 L.Ed. 38 (1986); *Wright,* 508 F.3d at 274.

## V.      ARGUMENT & AUTHORITIES

**A.      Plaintiff cannot meet its burden of proving the storm in question caused the damages it seeks and as a result its breach of contract and bad faith claims fail.**

9.      To recover under an insurance policy, an insured must plead and prove facts showing his damages are covered by the policy. *See Employers Casualty Co. v. Block,* 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 714 (Tex. 1996). "When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Millers Cas. Ins. Co. of Tex.,* 866 S.W.2d 597, 601 (Tex. 1993). Under this rule, called the concurrent cause doctrine, the insured has the burden of segregating the damage attributable solely to the covered event from other damages. *See Wallis v. United Servs. Auto. Ass'n,* 2 S.W.3d 300, 303 (Tex. App.-San Antonio 1999, pet. denied). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. Co. of Pittsbugh, Pa. v. Puget Plastics Corp.,* 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010); *Hamilton Props. v. Am. Ins. Co.,* 643 Fed. App'x 437, 442 (5th Cir. 2016) (affirming summary judgment for insurer where

insured showed the damage could be "linked" to a particular storm but did "nothing to enable a jury to segregate damages for only that property damage caused by covered perils that occurred within the policy period").

10.     Plaintiff cannot meet its burden to segregate the damage attributable solely to the July 8, 2024 storm from other damages. The photos contained in the field adjuster's photos sheet and the SeekNow reports shows prior repairs and other causes of water intrusion. Additionally, satellite imagery reflects Plaintiff's roof had had numerous repairs prior to July 8, 2024. *See* **Exhibits C-I**. Specifically, the satellite imagery shows numerous spots of repair to Plaintiff's roofs and in fact, two of the buildings had tarps on the roof on June 8, 2024, one month to the day prior to the date of loss. *See* **Exhibit M**.

11.     Despite claiming the damage to the property was caused by Hurricane Beryl, Plaintiff has provided *no* evidence reflecting (1) when the damage occurred, or (2) that the damage was a result of the Hurricane Beryl on or about July 8, 2024 storm. Overall, Plaintiff has no knowledge of any the facts surrounding this claim. Ultimately, Plaintiff cannot prove that the claimed damage in this suit occurred is a result of the Hurricane Beryl or any other cause of loss.

12.     Plaintiff cannot meet its burden to segregate covered damages from Hurricane Beryl from other covered and non-covered damages sustained on another date. Plaintiff therefore cannot satisfy the causation element of his breach of contract claim, and Ohio is entitled to summary judgment on the breach of contract claim.

13.     Because Plaintiff cannot meet its burden on causation, Plaintiff's bad faith claims also fail. Generally speaking, "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *USAA Tex. Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 490 (Tex. 2018). Further, none of the exceptions identified by the

Supreme Court in *Menchaca* apply here--Plaintiff has not pled, nor could it prove benefits-lost or independent injury. *See id.* at 497-500.

14.     Ohio is therefore entitled to summary judgment on Plaintiff's claims for breach of contract, violations of Chapters 541 (unfair settlement practices) of the Texas Insurance Code, and common law breach of the duty of good faith and fair dealing based on Plaintiff's inability to meet its burden on causation.

**B.      Ohio is Additionally and Independently Entitled to Summary Judgment of Plaintiff's Bad Faith Claim because the Dispute is at Most a *Bona Fide* Coverage Dispute.**

15.      An insurer's failure to pay a covered claim is ordinarily a breach of contract that does not alone entitle a plaintiff to mental anguish or exemplary damages. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994). "The threshold of bad faith is reached when a breach of contract is accompanied by an independent tort." *Id.*

16.     A cause of action exists for the breach of the duty of good faith and fair dealing when "there is no reasonable basis for a denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay." Arnold v. National County Mut. Fire Ins., 725 S.W.2d 165, 167 (Tex. 1987). The common law and statutory standards are identical - when there is no merit to a common law bad faith claim asserting a wrongful denial of insurance benefits, any statutory claims for bad faith under the Texas Insurance Code must also fail. See Higginbotham v. State Farm Mut. Auto Ins. Co., 103 F.3d 456, 460 (5th Cir. 1997) ("Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas.")

17.     In considering whether to grant a summary judgment on bad faith, a court should distinguish between the evidence supporting the contract issues and the tort issue. Lyons v. Miller

Cas. Ins. Co., 866 S.W.2d 597, 601 (Tex. 1993). The issue of bad faith does not focus on whether the claim was valid. Id. "The evidence must relate to the tort issue of [whether the insurer's liability had become reasonably clear], not just to the contract issue of coverage." Id. at 600.

18.     Whether the insurer's liability had become reasonably clear must be judged by the facts before the insurer at the time the claim was denied. Viles v. Sec. Nat'l Ins. Co., 788 S.W.2d 566, 567 (Tex. 1990). Evidence that shows only a bona fide coverage dispute does not, standing alone, demonstrate bad faith. State Farm Lloyds v. Nicolau, 951 S.W.2d 444, 448 (Tex. 1997); Moriel, 879 S.W.2d at 17. "Nor is bad faith established if the evidence shows the insurer was merely incorrect about the factual basis for its denial of the claim, or about the proper construction of the policy." Moriel, 879 S.W.2d at 18. "A simple disagreement among experts about whether the cause of loss is one covered by the policy will not support a judgment for bad faith." Id.

19.     As an initial matter, Plaintiff in the most recent Complaint in Paragraph 79 admits there is a bona fide dispute regarding coverage. See [Doc. 1] (Plaintiff's First Amended Complaint). Ohio inspected Plaintiff's property, identified damage, and issued its coverage decision. At no point did Plaintiff ever communicate its dissatisfaction with Defendant's adjustment, nor did Plaintiff ever request for Defendant to reconsider its position. The first time Defendant was made aware of any dissatisfaction with the adjustment of the claim was when Plaintiff's counsel sent its pre-suit notice letter on January 30, 2025.

20.     The parties' disagreement over the scope of damages caused by Hurricane Beryl has continued into litigation. Plaintiff has not produced any evidence or retained an expert to testify as to why Ohio's investigation was unreasonable. Plaintiff here fails to provide any expert testimony, proof of standard industry practices, or legal authority to support its claim that Ohio Security's actions were unreasonable. Humphries v. State Farm Lloyds, No. 3:20-CV-01163, 2022 WL

27448911v3
07422.956

705860, at *2 (N.D. Tex. Mar. 9, 2022) (quoting Nino v. State Farm Lloyds, No. 7:13-CV-318, 2014 WL 6674418, at *6 (S.D. Tex. Nov. 24, 2014)); Main St. Baptist Church v. Church Mut. Ins. Co., No. 6:23-CV-124-JDK, 2024 WL 4101938, at *6 (E.D. Tex. July 23, 2024)

21.     The current dispute does not give rise to an independent tort or damages separate and apart from any denial of Policy benefits, and this is fatal to Plaintiff's extra-contractual claims. These facts are similar to Nino v. State Farm Lloyds and Kahlden v. Safeco Ins. Co., among others, where the insurer was entitled to summary judgment on the plaintiff's bad faith claims. Nino v. State Farm Lloyds, No. 7:13-CV-318, 2014 U.S. Dist. LEXIS 163993 (S.D. Tex. 2014); Kahlden v. Safeco Ins. Co. of Ind., No. H-10-2001, 2011 U.S. Dist. LEXIS 168134 (S.D. Tex. 2011). In Nino, the plaintiff argued (as here) that the investigation of her claim was unreasonable because the insurer's two inspections of the property were inadequate and results oriented. Nino, 2014 U.S. Dist. LEXIS 163993 at *10. The Court found:

> "There is ample evidence that Mr. Crump and Mr. Wallis, based on their expertise and inspection of the property, determined the property damage was not caused by hail, contrary to the findings by Plaintiffs adjusters. Again, evidence that shows the insurer was incorrect about the factual basis for its denial of the claim is not evidence of bad faith, nor does a finding of hail damage by one expert prove another expert's contrary finding was based on an inadequate inspection.

*Id.* at *15. The Court refused to permit the bad faith claims to proceed based on Plaintiff's lay opinion alone. "Indeed, adopting such amorphous position, whereby any plaintiff can impute bad faith to an insurer by opining about the unreasonableness of an adjuster's actions, can only be problematic and result in absurd results." *Id.* at *16.

22.     Similarly, in *Kahlden,* the Court addressed a plaintiffs expert's estimate of damages, finding "a difference between the Parties' assessments of damage is not evidence of bad faith." *Kahlden,* 2011 U.S. Dist. LEXIS 168134 at *18. The Court also rejected the plaintiff's criticism of the insurer's handling of the claim, finding "the fact that an insurance company would agree to

perform multiple assessments, resulting in additional payments, is not, by itself, evidence of bad faith." *Id.* The Court concluded by holding that the record showed "no more than a bona fide dispute between the damage assessments from Defendant's four inspectors, and the contractors and experts hired by Plaintiffs." Id. at* 19.

23.    Like Nino and Kahlden, the current dispute is-at most-a contractual dispute. According to Plaintiff and their representatives, the property's exterior and interior were damaged as a result of Hurricane Beryl storm. Ohio inspected the property multiple times and made its coverage decision based on what it observed during the inspections. The mere assertion that Ohio underpaid the claim is not evidence of bad faith. The discovery process in this litigation has revealed that the damage observed to the property predates the date of loss-perhaps by several years. See Exhibit M.

24.    The parties disagree on the cause, scope, and cost of repair for some of the alleged damages to Plaintiff's property. This mere disagreement is nothing more than a bona fide coverage dispute, and Plaintiff's bad faith claims against Ohio (violations of Chapters 541 and of the Texas Insurance Code and breach of the duty of good faith and fair dealing) should be dismissed.

25.    Further, Plaintiff also alleges that Defendant's conduct in this case was committed knowingly and recklessly. Plaintiff claims it is entitled to treble damages under the Texas Insurance Code and exemplary damages under the common law. Because there is no evidence of culpable conduct to support a finding on bad faith, Plaintiff cannot recover treble or exemplary damages. Ohio is entitled to judgment as a matter of law on Plaintiff's claims for treble or exemplary damages.

26.    Plaintiff also alleges Ohio misrepresented material facts to Plaintiff. However, Plaintiff cannot identify any misrepresentation during the claims handling portion of this claim.

Accordingly, Ohio is entitled to summary judgment as a matter of law of Plaintiff's claims for treble or exemplary damages.

**C.      Plaintiff's Claims under the Prompt Payment of Claims Act Fail**

27.      Finally, Plaintiff asserts a claim for violation of Section 542.058 of the Prompt Payment of Claims Act. Ohio is entitled to summary judgment on that claim.

28.      Section 542.058 provides that an insurer must make payment on the claim within 60 days after receiving all items, statements, and forms reasonably requested. TEX. INS. CODE § 542.058. As stated above, Ohio inspected the property and estimated the damages observed below the appliable deductibles. No payment under the claim was owed. Moreover, because Plaintiff's contract claim fails for the reasons explained above, there can be no additional payment owed. Ohio is therefore entitled to summary judgment on all claims brought under Section 542.058 of the Texas Insurance Code.

<u>**CONCLUSION**</u>

Ohio is entitled to summary judgment on each and every claim Plaintiff has asserted in this lawsuit. Therefore, Ohio respectfully asks the Court to grant this motion for summary judgment, dismiss all claims asserted in this lawsuit, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Kolby J. Keller*

Jonathan Peirce
State Bar No. 24088836
Southern District No. 2303246
jpeirce@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone:  713-403-8210
Facsimile:  713-403-8299

AND

Kolby Keller
State Bar No. 24119382
Southern District No. 3676114
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: 214-871-8200
Facsimile:  214-871-8209

**ATTORNEYS FOR DEFENDANT
OHIO SECURITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2026, a true and correct copy of the foregoing document was electronically served on counsel for Plaintiff below in accordance with the Federal Rules of Civil Procedure:

**NATIONAL INSURANCE ADVOCATES, LLP**
Anthony Pastor, Esq
Joseph Varona
Erik Barnard
6330 Manor Lane
Suite 200
Miami, FL 33143
Telephone: 833-701-4110
service@nia.law
anthony@nia.law
jv@plglawyersfl.com
eric@nia.law
*Attorneys for Plaintiff*

*/s/Kolby J. Keller*_____
Kolby J. Keller
