**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEE HO VILLAGE TOWNHOME ASSOCIATION** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-4165** |
| **V.** | § | **JURY** |
| | § | |
| **OHIO SECURITY INSURANCE COMPANY,** | § | |
| | § | |
| ***Defendant*.** | § | |

**DEFENDANT OHIO SECURITY INSURANCE COMPANY'S MOTION TO STRIKE EXPERT TESTIMONY FROM LUKE BOWMAN**

Defendant Ohio Security Insurance Company ("Ohio Security" or "OSIC") files this Motion to Strike Expert Testimony from Luke Bowman and in support thereof states as follows:

## I. SUMMARY OF THE ARGUMENT

1. Mr. Bowman's proposed testimony on the cost to repair Plaintiff's property is based on an unreliable factual basis, a faulty analysis, and unsupported factual assumptions. Mr. Bowman will not assist the jury in assessing the cost to repair Plaintiff's property for damages allegedly caused by Hurricane Beryl versus other causes.

2. The balance of Mr. Bowman's proposed testimony is dependent on the admissibility of Plaintiff's other retained experts and his unverified facts and data in forming his own opinions.

## II. EXHIBITS SUPPORTING THE MOTION

**3.** In support of this Motion, Ohio relies upon and incorporates by reference the following materials that are or could be presented in a form that would be admissible evidence:

**Exhibit A: Plaintiff Expert Designation**

**Exhibit B: Deposition Transcript of Luke Bowman**

## III. BACKGROUND

4. This case arises out of a first-party insurance dispute between Plaintiff Lee Ho Village Property Owners Association (Plaintiff) and Defendant Ohio Security Insurance Company arising out of alleged property damage caused by Hurricane Beryl on or about July 8, 2024.

### *A. Plaintiff's Designation of Luke Bowman*

5. Plaintiff designated Mr. Bowman as its only expert to offer opinions on the cost of repairs. Mr. Bowman prepared a set of Xactimate repair and mitigation estimates dated July 21, 2025, and is expected to testify to the scope of repairs, the quantities, labor, materials, and methods required, "[t]he reasonableness and necessity of the line items," and pricing. See Exhibit A, Plaintiff's Expert Designation. In forming his opinions, Mr. Bowman considered both of Plaintiff's other expert reports from Erik Murray and Paul R. Semmes, P.E.

### *B. Luke Bowman's Deposition*

6. During Mr. Bowman's deposition, Mr. Bowman admitted:

**(i) He never inspected the property.**

a. Mr. Bowman has never inspected the property's exterior or the interior of any of the units. *See* Exh. B Depo. of Mr. Bowman at 45:6-25; 46:1-7.

**(ii) He worked entirely from other people's materials.**

a. Mr. Bowman testified that he "was retained to draft a cost estimate based on the two expert reports" of Mr. Murray and Mr. Semmes. *See* Exh. B Depo. of Mr. Bowman at 17:12-17.

b. Mr. Bowman's understanding of the condition of the property came solely from Mr. Murray's report, Mr. Semmes's report, Google Earth, and photos taken by an unknown person. *See* Exh. B Depo. of Mr. Bowman at 57:9-25; 58:1-21.

c. Mr. Bowman pulled interior measurements from Mr. Murray's moisture maps but failed to verify size of windows, doors, or other openings in creating his estimates. *See* Exh. B Depo. of Mr. Bowman 46:20-25; 47:1-15; 49:12-23; 50:1-6; 58: 1-21; 72:9-16.

**(iii) He verified nothing.**

a. Mr. Bowman did not verify Mr. Murray's measurements. *See* Exh. B Depo. of Mr. Bowman at 50:1-6; 58:1-21.

b. He did not verify the authenticity or accuracy of the photographs he relied on. *See* Exh. B Depo. of Mr. Bowman at 58:1-21.

c. He could identify no documentation showing that he performed "any type of independent review or [verified] the information provided to [him]." *See* Exh. B Depo. of Mr. Bowman at 59:10-18.

d. He testified that he would "defer to the experts." *See* Exh. B Depo. of Mr. Bowman at 53:23-25; 54:1-2.

**(iv) He filled gaps with assumptions and undocumented sources.**

a. Mr. Bowman assumed facts — for example, that insulation behind wet drywall was itself wet. *See* Exh. B Depo. of Mr. Bowman at 67:4-25; 68:1-12.

b. He testified that he “may have” consulted Zillow or Redfin real-estate listings to determine interior finishes and materials, but retained no record of what, if anything, he reviewed. *See* Exh. B Depo. of Mr. Bowman at 46:8-19.

c. Mr. Bowman testified he doesn’t remember where he obtained the roof measurements for the property. *See* Exh. B Depo. of Mr. Bowman at 162:16-25; 163:1-25.

**(v) He applied a flat markup he could not justify.**

a. Mr. Bowman added twenty-percent overhead and profit to incurred costs even though he could not verify whether the contractor, Jade Weld, acted as a general contractor — the predicate for such a markup *See* Exh. B Depo. of Mr. Bowman at 160:11-25; 161:1-16; 162:2-7.

## IV. ARGUMENT & AUTHORITIES

### *A. Motion to Exclude Standard*

7. Under Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702.

8. To be admissible, expert testimony must meet all four subparts of Rule 702. "The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible." *Guzman v. State Farm Lloyds*, 456 F. Supp. 3d 846, 852 (S.D. Tex. 2020) (quoting *Gamboa v. Centrifugal Casting Mach. Co*., No. CV 14-1273, 2015 WL 9948807, at *2 (S.D. Tex. May 15, 2015)).

9. "A trial court must evaluate the foundation of an expert's testimony to ensure that 'the proffered evidence is both reliable and relevant.' " *Guzman*, 456 F. Supp. 3d at 852 (*quoting Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007)); *see also VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764, 2023 WL 348963, at *11 (N.D. Tex. Jan. 20, 2023) ("The party offering the expert testimony must show that a qualified expert's testimony is relevant (that is, the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, and the expert's reasoning or methodology properly can be applied to the facts in issue) and reliable (that is, the testimony is based on sufficient facts or data and is the product of reliable principles and methods)."); *Hall Arts Ctr. Off., LLC v. Hanover Ins. Co*., 327 F. Supp. 3d 979, 1001 (N.D. Tex. 2018) (Fitzwater, J.) ("The court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999))).

10. "An expert's opinion is considered reliable if the reasoning or methodology underlying the testimony is scientifically valid." *Guzman*, 456 F. Supp. 3d at 852.

"Relevance depends upon whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. Courts look to several factors to determine whether expert testimony is reliable, including:

> whether the expert's opinion was developed for purposes outside of litigation;
>
> whether there is an analytical link connecting the case facts with the expert's opinion; whether the expert "adequately accounted for obvious alternative explanations"; whether the expert used the same level of intellectual rigor that would be used in the field; and whether the expert's field of expertise is known to be reliable for the relevant type of opinion.

*Guzman*, 456 F. Supp. 3d at 852 (citing FED. R. Evid. 702 advisory committee's note to 2000 amendment). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion ...." *Id*. (quoting *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 725 (5th Cir. 2009)).

11. An expert witness must also prepare a report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them and the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B). This means expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." *Klein v. Fed. Ins. Co.*, No. 7:03-CV-102, 2014 WL 6885973, at *2 (N.D. Tex. Dec. 8, 2014) (citing FED. R. CIV. P. 26 advisory committee's note to 1993 amendments). "[T]he purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra*

*Club, Lone Star Chapter v. Cedar Point Oil Co. Inc*., 73 F.3d 546, 571 (5th Cir. 1996) (quoting FED. R. Civ. P. 26 advisory committee's note to 1993 amendments).

***B. Motion to Exclude Bowman***

12. OSIC moves to exclude the testimony of Plaintiff's expert, Luke Bowman. Bowman's proffered expert testimony solely concerns damages estimates to the Property.

13. Bowman used Xactimate, a damages-estimating software, to calculate the alleged repair costs to the Property. OSIC contends that Bowman's proffered testimony should be excluded because he "manipulated" Xactimate to arrive at his preferred conclusions. Bowman's testimony thus reflects an unreliable methodology that should preclude his opinions from being presented at trial.

14. Bowman's calculations go far beyond simple differences of opinion. Bowman's lack of investigation or measurements, and his failure to conduct any independent review of the information he relied upon in forming his opinions show that his methodology is unreliable and his opinions should be excluded. For example, Bowman's testimony on numerous topics as shown below proves his opinions should be excluded in their entirety:

(1) The facts underlying his estimate are not his own; they are Mr. Murray's and Mr. Semmes's. *See* Exh. B Depo. of Mr. Bowman at 17:12-17; 57:9-25; 58:1-21.

(2) Because he tested none of those underlying facts, the reliability of his opinion rises no higher than inputs he never examined — and the Court cannot find those inputs reliable through Mr. Bowman, who disclaimed any independent verification. *See* Exh. B Depo. of Mr. Bowman at 59:10-18.

(3) The measurements rest on screenshots scaled from a single borrowed dimension, with no independent confirmation that the resulting quantities match the as-built property he never saw. *See* Exh. B Depo. of Mr. Bowman 46:20-25; 47:1-15; 49:12-23; 50:1-6; 58: 1-21; 72:9-16.

(4) Mr. Bowman applied a twenty-percent overhead-and-profit markup to costs already incurred, while still admitting he could not verify whether the predicate for that markup — Jade Weld's role as a general contractor — was even present. *See* Exh. B Depo. of Mr. Bowman at 160:11-25; 161:1-16; 162:2-7.

*See* Bowman's Deposition Testimony attached hereto as Exhibit B.

15. Taking away Mr. Bowman's unjustified markups and information he failed to verify from Plaintiff's other expert reports, Mr. Bowman's opinions/estimates are merely a number, nothing more. Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible," and "[a]n expert's opinion cannot substitute for facts." *Guzman v. State Farm Lloyds*, 456 F. Supp. 3d 846, 853–854 (S.D. Tex. 2020). Because Mr. Bowman supplied no independent facts, verified nothing, and preserved no record of his sources, his estimate is precisely the kind of unsupported, ipse dixit opinion Rule 702 forbids. FED. R. EVID. 702; *Guzman* 456 F. Supp. 3d 846, at 853–854.

16. Mr. Bowman offers no justification for the dozens of blunders in his estimate other than pointing the finger at Plaintiff's other experts. Accordingly, this Court should find that Mr. Bowman's opinions are based on unreliable methodology unfit for presentation to the jury as expert testimony. Therefore, Mr. Bowman's damage-estimate opinions should be excluded in their entirety.

## V. CONCLUSION & PRAYER

For the foregoing reasons, Defendant Ohio Security Insurance Company respectfully requests that the Court exclude the testimony and opinions of Luke Bowman in their entirety, and grant Ohio Security such other and further relief to which it may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Jonathan R. Peirce*
Jonathan Peirce
State Bar No. 24088836
Southern District No. 2303246
jpeirce@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713-403-8210
Facsimile: 713-403-8299

AND

Kolby Keller
State Bar No. 24119382
Southern District No. 3676114
kkeller@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: 214-871-8200
Facsimile: 214-871-8209

**ATTORNEYS FOR DEFENDANT OHIO SECURITY INSURANCE COMPANY**

***Word count: 2246***

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2026, a true and correct copy of the foregoing document was electronically served on counsel for Plaintiff below in accordance with the Federal Rules of Civil Procedure:

**NATIONAL INSURANCE ADVOCATES, LLP**
Anthony Pastor, Esq
Joseph Varona
Erik Barnard
6330 Manor Lane
Suite 200
Miami, FL 33143
Telephone: 833-701-4110
service@nia.law
anthony@nia.law
jv@plglawyersfl.com
eric@nia.law
***Attorneys for Plaintiff***

*/s/Kolby J. Keller*______
Kolby J. Keller

## CERTIFICATE OF CONFERENCE

I, Kolby J. Keller, counsel for Defendant, hereby certify that on the 19th day of October, 2026, I personally spoke with Plaintiff's Counsel, Anthony Pastor about this Motion. Mr. Pastor stated he is opposed to this Motion. Therefore, this Motion is being presented as opposed.

*/s/Kolby J. Keller*______
Kolby J. Keller